**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 21, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 21, 2008**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-14937 |
| | ) | |
| PETER GRUBIC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BRIAN A. BASH, TRUSTEE, | ) | Adversary Proceeding No. 07-1228 |
| Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| PETER GRUBIC, *et al.*, | ) | |
| Defendants. | ) | |

### MEMORANDUM OF OPINION[1]

This adversary proceeding is currently before the Court on the trustee's

motion for summary judgment regarding the rights and claims of the defendants in

_____

[1] This opinion is not intended for official publication.

real property located at 13132 Lorain Avenue in Cleveland, Ohio. The only contested issue is whether the judgment lien of defendant Egizio became dormant and unenforceable during the time that Egizio's civil action to foreclose on her judgment lien was pending in state court. Because the Court finds that the pending foreclosure action prevented Egizio's judgment lien from becoming dormant under Ohio law, the trustee's motion for summary judgment is denied to the extent that the motion seeks a determination that Egizio has no interest in the real property.

## JURISDICTION

The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. § 157(b)(2)(K).

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. On April 7, 1997, defendant Egizio obtained a judgment against the debtor in the Cuyahoga County Common Pleas Court, Case No. CV-96-321222. A judgment lien, JL-97-059037, was filed the same day. On June 3, 1998, Egizio filed a foreclosure action in the Cuyahoga County Common Pleas Court, Case No. CV-98-356765, to sell the debtor's property

and to distribute the proceeds according to the priority of the liens. All parties with a possible interest in the debtor's property were served as defendants. On November 19, 1999, the state court granted Egizio's motion for summary judgment against the debtor, finding that Egizio held a valid lien on the debtor's property and was entitled to foreclose. On May 16, 2000, Egizio refiled her judgment lien, JL-00-130242. On March 29, 2005, after the validity and priority of all other interests in the debtor's property were determined, an order of sale to foreclose on the property was issued to the sheriff. This sale was stopped on September 5, 2005, by the filing of the debtor's first bankruptcy case, Case No. 05-23571. On August 29, 2006, after the debtor's first bankruptcy case was dismissed, a second order of sale was issued to the sheriff. This sale was stopped by the filing of the debtor's pending bankruptcy case, Case No. 06-14937, filed on October 15, 2006. The foreclosure action is still pending, but is stayed by the bankruptcy action.

On May 24, 2007, the Chapter 13 trustee, pursuant to Bankruptcy Rule 7001(2), instituted the above-captioned adversary proceeding to determine the rights and claims of the defendants in the debtor's real property located at 13132 Lorain Avenue in Cleveland, Ohio ("property"). On June 28, 2007, defendant Antionette Egizio ("Egizio") filed an answer to plaintiff's complaint, crossclaims against all other defendants, and a counterclaim against plaintiff

3

alleging superiority of her judgment lien as to all other interests in the property. Defendants Plymouth Park Tax Services ("Plymouth"), James Rokakis ("Rokakis"), Francis Sciangula ("Sciangula"), Arrow Uniform Rental ("Arrow"), and Huntington National Bank ("Huntington") each filed a timely answer to plaintiff's complaint. Default was entered against defendants Peter Grubic and Kolick & Kondzer.

On October 18, 2007, the Chapter 13 trustee filed a motion for summary judgment asserting the validity of the claims of defendants Plymouth, Rokakis, Sciangula, Arrow, and Huntington, in order of priority, and claiming that defendant Egizio's judgment lien became dormant and unenforceable when she failed to refile or execute a judgment on the lien within the five-year limitation period under O.R.C. § 2329.07(A)(1). On October 31, 2007, the underlying bankruptcy case was converted from Chapter 13 to Chapter 7. Brian A. Bash was appointed as the Chapter 7 trustee. Upon conversion of the case, the Chapter 7 trustee automatically assumed responsibility for prosecuting this adversary proceeding on behalf of the debtor's estate under 11 U.S.C. § 323 and Bankruptcy Rules 2012(b) and 6009. On November 27, 2007, defendant Egizio filed a brief in opposition to the plaintiff's motion for summary judgment arguing that her judgment lien is valid and enforceable because the filing of the foreclosure action protected the judgment from dormancy. No other defendant responded to the trustee's motion for summary

4

judgment, and the Court is now ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most

5

favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

The plaintiff requests that the Court declare defendant Egizio's judgment lien invalid pursuant to O.R.C. § 2329.07(A)(1). Section 2329.07 provides in pertinent part:

> (A)(1) If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon land and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

If a judgment becomes dormant the creditor has twenty-one years from the date of dormancy to revive the judgment. *See* O.R.C. § 2325.15. In order to revive a judgment the creditor must petition the court for revival. *See Geauga Savings Bank v. Nall*, 1999 WL 960574, *2 (Ohio App. 1999). However, the judgment lien itself is extinguished by dormancy, and revival of the judgment does not revive the lien. Instead, the creditor must file a new certificate of judgment to obtain a new lien on the property, thereby losing any priority of the original lien. *Id*.

Pursuant to O.R.C. § 2329.07(A)(1), execution on a judgment is one way to

6

prevent a judgment from becoming dormant. Execution is formally defined in O.R.C. § 2327.01 as "a process of a court, issued by its clerk, and directed to the sheriff of the county." Under O.R.C. § 2329.07(A)(1), Egizio's judgment, absent refiling or execution, would have become dormant on May 16, 2005, five years from the date of the last filing, thereby extinguishing her judgment lien. However, a line of Ohio cases makes it clear that a creditor who files a foreclosure action, or who files an answer in a foreclosure action, does not need to refile or execute on the judgment to protect the creditor's interest in the case.

> [T]he authorities are in accord that the filing of a petition or cross-petition in an action to marshal liens prevents any loss of lien by the petitioner or cross-petitioner by reason of the fact that his judgment may otherwise become subsequently dormant.

*Central Hyde Park Savings & Loan Co., v. Feck*, 67 N.E. 2d 44, 47 (Ohio App. 1945) (citations omitted). *See Dempsey v. Bush*, 18 Ohio St. 376 (1868) (judgment creditor, who was properly made a party to foreclosure action while his judgment was alive, will not lose his right to share in the distribution of the money arising from the sale by the fact that his judgment became dormant pending the action); *see also Lawrence v. Belger*, 31 Ohio St. 175 (1877) (applying *Dempsey v. Bush* where judgment creditor timely-filed foreclosure action, and sale occurred in separate lawsuit after five-year period expired, while foreclosure action remained pending); *Bauman v. Goulet*, 15 Ohio C.D. 473 (Ohio Cir. Ct. 1903) (unnecessary that order of

sale be made before limitation period expires, rather, dormancy prevented if judgment creditor is made a party to the action while judgment is still alive); *cf. Fort, Sadler & Bailey v. Litmer*, 31 Ohio St. 215 (1877) (pending foreclosure action does not keep judgment lien from going dormant when plaintiff files foreclosure action based only on mortgage and does not include separate judgment lien until *after* five-year limitation period has expired).

This line of cases is either a supplement to O.R.C. § 2329.07 or an explanation of what constitutes an execution under O.R.C. § 2329.07. In either event, the cases are instructive on the issue before the Court. Under this line of case law, a creditor such as Egizio, who timely files a foreclosure action while her lien is alive, will not lose her lien interest in the property being foreclosed merely because the foreclosure proceeding becomes lengthy and protracted. For example, even though Egizio instituted her foreclosure action in 1998 and obtained an order of foreclosure in 1999, due to questions regarding other lien priorities and stays from multiple bankruptcy filings, no sale has been confirmed almost ten years later. The line of Ohio cases, discussed above, protects creditors such as Egizio, who have timely filed foreclosure actions, without insisting that they renew their judgment liens while waiting for the foreclosure cases to be completed.

Accordingly, the Court finds that the pending foreclosure action prevented

Egizio's judgment lien from becoming dormant under Ohio law.  The trustee's motion for summary judgment is denied to the extent that the motion seeks a determination that Egizio has no interest in the real property.  To the extent that the motion seeks a determination of the interests and relative priorities of the remaining defendants, the motion is granted.

## CONCLUSION

For the foregoing reasons, the trustee's motion for summary judgment is denied in part and granted in part.  This is not a final judgment for purposes of 11 U.S.C. § 158.  *See* Bankruptcy Rule 7054 and Fed. R. Civ. P. 54(b).

IT IS SO ORDERED.